## DODGE v. CARROLL.

59b 237
66 547
59 237
Case 2
72 296

Motive may be shown, when material.

Admission of testimony not rebutting is within the discretion of the judge at the trial term, which will not be revised unless specially reserved.

Testimony of jurors as to what happened in the jury-room is admissible
to sustain a verdict, but not to impeach it.

A verdict may be sustained, although the damages were first computed
as the average judgment of the jury, if afterwards they fairly agreed
on the amount.

CASE, for damages from defective highway. The plaintiff's evi-
dence tended to show that the wheel of his wagon struck a stone
in the highway, the defect complained of, and he was thrown out
and injured. The defendants' evidence tended to show that he
jumped out. It appeared, on cross-examination of Pennock, the
defendants' witness, that, at the request of the plaintiff, he had
made a statement somewhat different from his testimony. The
plaintiff was permitted to testify, subject to exception, that he
caused the statement to be taken because he had heard that citi-
zens of Carroll said he jumped out. Congdon, the plaintiff's wit-
ness in rebuttal, was permitted to testify, subject to exception,
that the plaintiff was thrown out.

Having decided for the plaintiff, the jury ascertained the average
judgment of the panel as to the amount of damages, and that
amount, slightly changed, they afterwards agreed to. The defend-
ants moved to set aside the verdict. The court ruled that testimony
of jurors might be received to sustain the verdict, but not to set it
aside, and the defendants excepted.

*Ray, Drew & Jordan*, for the defendants.

*Ladd & Fletcher*, for the plaintiff. It might be argued that tak-
ing a statement to disprove an anticipated defence showed that the
plaintiff knew the defence to be true. It was proper to show his
motive. Congdon's evidence was rebutting. In putting in his case,
the plaintiff was not bound to anticipate defences. As to the con-
duct of the jury, see *Dana* v. *Tucker*, 4 Johns. 487; *Grinnell* v.
*Phillips*, 1 Mass. 541; *Shobe* v. *Bell*, 1 Rand. (Va.) 39; *Cowper-
thwaite* v. *Jones*, 2 Dall. (Pa.) 55; Proff. Jury Trial, s. 407;
*Thompson* v. *Com.*, 8 Gratt. 637; *Crabtree* v. *State*, 3 Sneed (Tenn.)
302.

BINGHAM, J. It was competent for the plaintiff to explain why
he took Pennock's statement. The motive of an act may be shown
when it is in question. *Carter* v. *Beals*, 44 N. H. 408. The ad-
mission of Congdon's testimony was within the discretion of the
judge at the trial term, which will not be revised unless specially
reserved. *York* v. *Pease*, 2 Gray 282; 1 Gr. Ev., ss. 74, 431.

The affidavits of jurors are admissible to sustain a verdict, but not
to impeach it. *State* v. *Ayer*, 23 N. H. 301, 321; *Tenney* v. *Evans*,
13 N. H. 362, 465; *Leighton* v. *Sargent*, 31 N. H. 119. The final

agreement of the jury on the question of damages having been apparently fair, the verdict is not invalidated by the preliminary ascertainment of their average judgment. *Grinnell* v. *Phillips*, 1 Mass. 530, 542.

*Judgment on the verdict.*

STANLEY, J., did not sit: the others concurred.